**Steven GOLDMAN, individually and on behalf of all others similarly situated, Plaintiff,**

v.

**Victor D. ALHADEFF, Stuart F. Rosewald, Steve E. Lebow, George P. Orban, Stuart M. Sloan, Donaldson, Lufkin & Jenrette, the First Boston Corporation, and Egghead, Inc., Defendants.**

No. C89–1061R.

United States District Court,
W.D. Washington.

May 18, 1990.

Steve W. Berman, Betts, Patterson & Mines, Seattle, Wash., for plaintiff.

Janice Sue Wang, J. Thomas Richardson, Laura N. Cromwell, Cairncross, Ragen & Hempelmann, P.S., George E. Greer, Otto George Klein, III, Thomas J. Brewer, Heller, Ehrman, White & McAuliffe, Roy J. Moceri, Stephen Murray Todd, Reed McClure Moceri Thonn & Moriarty, Arthur Cary Claflin, David A. Bateman, Evan L. Schwab, Bogle & Gates, Seattle, Wash., for defendants.

## ORDER GRANTING DEFENDANTS' MOTION FOR SANCTIONS AND DENYING PLAINTIFF'S CROSS–MOTION FOR ORDER OF CRIMINAL CONTEMPT

ROTHSTEIN, Chief Judge.

THIS MATTER comes before the court on defendants' motion for sanctions for violation of the court's orders. Having reviewed the motion, together with all documents filed in support and in opposition, and being fully advised, the court finds and rules as follows:

### I. FACTUAL BACKGROUND

Defendants [1] have jointly brought this motion for the imposition of sanctions against plaintiff Steve Goldman, and plaintiff's counsel, Betts, Patterson & Mines; Barrack, Rodos & Bacine; and Milberg, Weiss, Bershad, Specthrie & Lerach, for violation of this court's outstanding discovery orders. Plaintiff and his counsel oppose the motion.

A chronology of the relevant events surrounding discovery in this case is as follows:

In July 1989, plaintiff initiated this lawsuit. On January 31, 1990, in response to a motion by defendants, the court ordered plaintiff to produce responsive documents, relevant to his background in securities trading. The court found that the documents were relevant as to the question of Goldman's adequacy to effectively serve as class representative.[2]

---

1. The defendants include Victor D. Alhadeff, Stuart F. Rosenwald, Steve E. Lebow, George P. Orban, Stuart M. Sloan, Donaldson, Lufkin & Jenrette, The First Boston Corporation, and Egghead, Inc.

2. In particular, defendants had argued that plaintiff was, in fact, a "professional plaintiff who purchases a few shares of stock in many corporations in order to be in a position to initiate class actions against those corporations in the event that the prices of their stocks fall

On February 6, 1990, Steven Berman of Betts, Patterson & Mines filed notice that Goldman sought to withdraw as class representative.[3] Based on this notice, plaintiff refused to produce any of the requested documents. The court issued a minute entry striking the pending motion for a protective order on the location of Goldman's deposition as moot, and no deposition of Goldman was held.

On March 8, 1990, defendants filed a motion for sanctions against Goldman and his counsel. In the motion, defendants argued that Goldman and his counsel initiated this suit and continued its prosecution for eight months, despite the fact that Goldman is an inadequate class representative who never intended to comply with his discovery obligations, in effect manipulating the judicial system in an unacceptable manner. Defendants sought sanctions pursuant to Federal Rules 37 and 11.[4] As part of this motion for sanctions, defendants requested further discovery of Goldman, and when plaintiff and his counsel refused to comply, defendants brought a motion to compel.

The court granted the motion to compel on April 4, 1990, requiring Goldman to appear for a deposition in Philadelphia and to produce documents relevant to the motion for sanctions. The court reserved ruling on the March 8 sanctions motion, noting that the issues involved with the sanctions motion are entwined with the pending class certification motion. The court also re-

fused to grant Goldman's request to withdraw as class plaintiff until the sanctions motion was resolved.

Counsel agreed to schedule Goldman's deposition for April 24, 1990. Defendants submitted a list of six categories of requested documents to be produced by Goldman at his deposition. Plaintiff and his counsel responded that Goldman had no responsive documents with respect to three categories, and objected to producing any documents in the remaining three categories. This necessitated a telephone conference call with the court on the afternoon of April 23, 1990.

During the conference call, plaintiff's counsel stated that they objected to producing the requested documents focusing on Goldman's recent securities transactions and previous securities class action suits. Counsel considered the requested discovery irrelevant and burdensome, particularly given that Goldman had sought to remove himself from the litigation. After consideration, the court found the document request reasonable and relevant to the sanctions motion, and ordered Goldman to produce the documents either at the deposition or soon thereafter[5]. Plaintiff's counsel attempted to persuade the court to change its mind, but said nothing about any intent to seek other review of the order.

On the morning of April 24, 1990 defendants' counsel Arthur Claflin and Peter Bresnan arrived at the offices of Barrack,

---

dramatically." Reply Memorandum in Further Support of Defendants' Motion for Sanctions and to Compel Discovery at 7. Based on Goldman's past history of securities litigation, defendants had intended to explore his qualifications as a "typical" class plaintiff. Defendants stated that they were planning to challenge the ability of Goldman to meet the requirement of typicality in the class certification motion. The court found the requested documents about Goldman's past history of securities trading to be reasonable and relevant for this purpose.

3. Within two days, two new named class plaintiffs filed a complaint in the case, and were consolidated into the action.

4. Presumably, Goldman's counsel were well aware of his qualifications, or lack of them, to be a class plaintiff at the time they initiated the

lawsuit. In fact, Gerald Rodos stated in his declaration, "Mr. Goldman is a long-standing client of my firm who has capably represented classes in the past." Declaration at paragraph 3. Thus, defendants argued that plaintiff and his counsel planned on pursuing this suit, only if they were able to control the discovery process and thwart attempts to reveal Goldman's background in securities class action suits.

5. The court's minute order summarizing the conference call instructed plaintiff to specifically produce, (1) a list of stocks and/or securities traded by Goldman within the past 2½ years, including the number of shares owned and the dates of acquisition and sale; (2) the names of any suits in which Goldman was a class plaintiff, as well as the complaints filed and other identifying information; and (3) any decisions reached by the courts in those suits.

Rodos & Bacine in Philadelphia for the scheduled deposition. At that time, plaintiff's counsel announced that they would not produce documents or allow Goldman's deposition to take place. They sent the court a letter the same day, stating that they were intentionally violating the court's order, ostensibly to seek appellate review of the court's previous discovery orders, with which they disagreed. At no time prior to their refusal to conduct the deposition did plaintiff or his counsel submit a motion for reconsideration of the court's discovery orders, nor did they indicate that they sought further appellate review.

Defendants immediately brought another motion for sanctions against plaintiff and all plaintiff's counsel for direct violation of the court's orders, pursuant to provisions in Rule 37(b)(2). Plaintiff has responded by objecting to the motion for sanctions, and submitting a cross-motion for an imposition of criminal contempt on plaintiff and the firm of Barrack, Rodos & Bacine. Plaintiff argues that the imposition of criminal contempt, along with a nominal fine of $100.00, would allow them to immediately appeal the discovery orders to the Ninth Circuit.[6]

## II. DISCUSSION

### A. *Motion for Sanctions*

Federal Rule of Civil Procedure 37 addresses the failure to make or cooperate in discovery. Rule 37(b)(2) provides in part:

> If a party ... fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this rule ... the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
>
> (A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order; ...

> (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof ...; ...

In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

This court has the inherent authority to sanction Goldman's and his counsel's disobedience of the court orders. *See Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764, 100 S.Ct. 2455, 2463, 65 L.Ed.2d 488 (1980). Additionally, Fed.R.Civ.P. 37(a) authorizes the court to require a party and his counsel to pay reasonable expenses, including attorney's fees, incurred in a successful discovery motion.

The decision to impose sanctions under Rule 37 is left to the court's discretion. *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976); *Forro Precision, Inc. v. IBM*, 673 F.2d 1045, 1053 (9th Cir.1982). Exercise of that discretion has been "encouraged" when "counsel or a party has acted willfully or in bad faith in failing to comply with rules of discovery or with court orders enforcing the rules or in flagrant disregard of those rules and orders." *G–K Properties v. Redevelopment Agency*, 577 F.2d 645, 647 (9th Cir.1978). In *G–K Properties*, the Ninth Circuit went on to say,

> Litigants who are willful in halting the discovery process act in opposition to the authority of the court and cause impermissible prejudice to their opponents. It is even more important to note, in this era of crowded dockets, that they also deprive other litigants of an opportunity

---

**6.** This cross-motion for an order of criminal contempt was brought through a motion to shorten time, to enable the court to consider it at the same time as the pending motion for sanctions. The court grants the motion to shorten time.

to use the courts as a serious dispute-settlement mechanism.

*Id.* This court may impose even the "most severe" sanction to fulfill the purpose "not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." *National Hockey League, supra,* 427 U.S. at 643, 96 S.Ct. at 2781.

Pursuant to the explicit language of Rule 37(b) and the court's discretion, defendants have requested the following specific relief through sanctions:

(1) An order requiring Goldman and counsel to pay defendants' costs and fees in preparing for the Goldman deposition, travelling to Philadelphia, and briefing the numerous motions relating to discovery, including this motion;

(2) An order establishing all possible adverse inferences from Goldman's refusal to testify, namely all allegations made by defendants in the pending Motion for Sanctions and an award of Rule 11 and Rule 37 sanctions as previously requested;

(3) An order finding that the counsel representing Goldman in this action, including all three named law firms, are unsuitable to adequately represent the proposed class, for purposes of the pending Motion for Class Certification; and,

(4) An order staying all discovery proceedings presently pending against defendants and non-parties until the present motions are resolved.

The court finds that plaintiff's failure to comply with the court's order was willful and not substantially justified. Therefore, the court finds that sanctions are appropriate in this situation and specifically sets forth the following:

### 1. Award of Expenses and Fees

■ Defendants and their counsel have incurred significant attorney's fees and costs in their attempts to obtain discovery from Goldman. The sanctions against Goldman and his counsel shall include payments of expenses and attorney's fees incurred by all defendants in these attempts, including (1) costs and fees incurred for the previous motions to compel discovery; (2) costs and fees incurred in preparation for Goldman's deposition, including travel to Philadelphia; and (3) costs and fees incurred for bringing this motion. These sanctions are authorized by Rule 37(a) and 37(b).

### 2. Establishing Adverse Inferences

■ The establishment of adverse inferences is authorized by Rule 37(b)(2)(A) and is an accepted remedy for failure to provide discovery. *See Insurance Corp. of Ireland, Ltd v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982) (failure to provide discovery supports presumption that defense is meritless); *McMullen v. Travelers Ins. Co.,* 278 F.2d 834 (9th Cir.1960) (plaintiff's failure to appear for court-ordered examination ends in finding, without proof, of facts sought to be established).

Specifically, the court deems established defendants' allegation that Goldman and his counsel "initiated this class action lawsuit and continued its prosecution for the past eight months, despite the fact that plaintiff Goldman is an inadequate class representative who was never willing to comply with his discovery obligations." Memorandum in Support of Defendants' Motion for Sanctions at 7. Any other related adverse inferences regarding the adequacy of Goldman and his counsel and their intentions in prosecuting this case are also established.

### 3. Stay of Discovery

Rule 37(b)(2)(C) authorizes the court to stay further proceedings in a case. In light of plaintiff's discovery abuses to date, it is appropriate for the court to stay discovery of defendants until the pending motions for class certification are resolved.

### 4. Court Finding That Counsel is Inadequate

Defendants have also requested that the court make a finding that the firms of Barrack, Rodos & Bacine; Betts, Patterson & Mines; and Milberg, Weiss, Bershad,

Specthrie & Lerach, are inadequate to represent the purported class in this suit.[7] Based on the behavior of plaintiff's counsel, their history of discovery abuses, and their most recent defiance of the court's authority in issuing a discovery order, defendants argue that these firms are unable to conscientiously and properly proceed with class representation.

The Ninth Circuit has established that competence of counsel is a criterion for the court's analysis of adequate class representation. *Fendler v. Westgate–California Corp.*, 527 F.2d 1168, 1170 (9th Cir.1975); *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 416 (9th Cir.1985) (certification denied where counsel violated court orders and held in contempt); *Wrighten v. Metropolitan Hospitals, Inc.*, 726 F.2d 1346, 1351 (9th Cir.1984) (trial court refused to certify class because, based on discovery abuses, plaintiff's counsel was found to inadequately represent the class). This court stated this same consideration in its January 31, 1990 Order granting the motion to compel discovery. Order at 5, fn. 4.

The court will not rule on the question of adequacy of counsel at this time. The court will consider the events that have ensued in the past several months, and the refusal of plaintiff's counsel to respect the authority of this court, when it considers the pending motions for class certification.

These sanctions are not prejudicial to the rights of absent members of the purported class. Even a refusal to certify the proposed class as currently represented will not affect class members' abilities to subsequently pursue their claims with adequate counsel.[8]

### 5. Applicability of Sanctions

■ The above sanctions are to be assessed jointly and severally against plaintiff Goldman and the three law firms representing him. Although plaintiff's counsel has strenuously objected to the court's assessing sanctions against any counsel other than Barrack, Rodos & Bacine, the court is persuaded that the culpability for their joint decisions and for defying the court's orders is shared by all counsel involved.

All three firms are counsel of record for plaintiff Goldman. Until last week, none of the firms had submitted a motion to withdraw as counsel in the case. All three firms have jointly signed the pleadings connected with the discovery process, and have been involved with Goldman since the beginning of the case. For example, when petitioning the court to participate in this case, the Milberg, Weiss firm represented that Goldman was *their* client. *See* Declaration of Alan Schulman in Support of Application to Participate in This Case, July 31, 1989.[9]

Furthermore, Betts, Patterson & Mines has consistently assumed lead counsel status for plaintiffs. Steven Berman has claimed that Goldman was his client, and has attested to personal knowledge about facts relating to Goldman. *See* Declaration of Steven W. Berman in Opposition to Egghead's Motion to Compel Production of Documents; Affidavit of Steven W. Berman in Support of Plaintiffs' Motion for a Protective Order. Berman has also proposed serving as "chairperson of plaintiffs' executive committee." *See* Proposed Pretrial Order No. 1. Defendants' counsel have dealt with Berman as the sole representative of plaintiff firms when coordinating the discovery schedules. *See* Affidavits of Evan Schwab and Arthur Claflin.

Significantly, it was Berman alone who wrote the February 6, 1990 letter notifying the court of Goldman's attempt to withdraw as named plaintiff. He also partici-

---

7. The firm of Barrack, Rodos & Bacine currently has a motion to withdraw as counsel for the class pending with this court.

8. The remaining named plaintiffs, Justine Fischer, Hal Buttery and Emil Whitman, are also represented by Richard B. Dannenberg and Neil Selinger of Lowey Dannenberg Bemporad Brachtl & Selinger.

9. In previous litigation, Goldman has been represented by Milberg, Weiss alone, *see Goldman v. Singer, Co.*, 89 F.R.D. 436 (S.D.N.Y.1981), and jointly with the Barrack, Rodos firm, *see Goldman v. Belden*, 580 F.Supp. 1373 (W.D.N.Y. 1984) (Rule 11 sanctions awarded against Goldman and counsel), *vacated*, 754 F.2d 1059 (2d Cir.1985).

pated directly in the April 23 telephone conference call regarding the disputed discovery for Goldman's deposition, and certainly made clear that he was instrumental in making decisions about the participation of plaintiff in this case.

Finally, Berman admits that he participated in discussions with the Barrack, Rodos firm about the scheduled Goldman deposition. In reference to plaintiff counsel's decision to defy the court's order to hold a deposition, Samuel Simon of the Barrack, Rodos firm made the following statement on the record at the April 24 proceedings held in Philadelphia:

> After (the conference call) concluded, we met and discussed for the balance of the afternoon, into the late evening hours, and again this morning, along with Leonard Barrack, the senior partner of this law firm, and Steven Berman, our co-counsel in Seattle. We thoroughly discussed the entire situation presented by the deposition that was scheduled to occur this morning ... (W)e have decided not to permit the deposition to begin in order to permit us to seek review of all the District Court's discovery orders....

Berman was part of that proceeding via conference call. Berman states that the final decision to not hold the deposition was not a joint decision, and therefore he should not be held responsible for the consequences of the actions taken in Philadelphia. If Betts, Patterson & Mines, and Milberg, Weiss did not agree with the decision to violate the court's order, they never went on record to that effect nor did they notify the court of that fact until faced with the current sanctions motion.

Up until now, plaintiff's counsel have acted in a unified manner, jointly participating in all motions and decisions as they affect their client, Steve Goldman. Berman, in particular, has played a significant role in the litigation to date. Plaintiff and all his counsel must be held accountable for the results of their deliberate actions in violating the court's orders. As such, they are all jointly and severally liable for the above sanctions.

## B. Cross–Motion for Order of Criminal Contempt

■ In his response to defendants' motion for sanctions, plaintiff, through his counsel, cross-moves for an order of criminal contempt for violation of the court's discovery order. The basis for this unusual request is plaintiff's belief that a criminal contempt order will provide him with the means to immediately appeal the court's discovery orders.[10]

In support of the motion, plaintiff again asserts that the reason his counsel did not allow the deposition to be held was to preserve the issue for appeal. Plaintiff reasoned that if the deposition had been held, there would no longer be a viable, "definite and concrete" issue, rendering any appeal moot.

However, as plaintiff acknowledges, discovery orders are considered interlocutory and are generally not appealable. *Johnny Pflocks, Inc. v. Firestone Tire and Rubber Co.,* 634 F.2d 1215, 1216 (9th Cir.1980). Refusing to obey the court's order and purposely seeking to be found in criminal contempt is clearly an improper means of securing appellate review, and should not be encouraged.[11] The appellate courts discourage "piecemeal hearings" on issues. The Ninth Circuit has affirmed that:

> An attorney who believes a court order is erroneous is not relieved of the duty to obey it. The proper course of action, unless and until the order is invalidated by an appellate court, is to comply and cite the order as reversible error should an adverse judgment result.

**10.** Besides being an unacceptable means of pursuing appellate review of a court order, the court finds it incomprehensible that counsel could propose that their client be found in criminal violation of a court order, without so much as an affidavit in the record from the client. This motion raises additional questions about the effectiveness of counsel for the proposed class.

**11.** If this subterfuge were endorsed by the court, appellate courts would be swiftly inundated with parties disgruntled with court discovery orders.

*Chapman v. Pacific Tel. & Tel. Co.*, 613 F.2d 193, 197 (9th Cir.1979).

Plaintiff cites several cases for the proposition that an order of criminal contempt is the proper means of achieving immediate appellate review. *See Newton v. National Broadcasting Inc.*, 726 F.2d 591, 593 (9th Cir.1984); *Hanley v. James McHugh Construction Co.*, 419 F.2d 955, 957 (7th Cir. 1969). Plaintiff, however, misinterprets the situations giving rise to those courts' statements about criminal contempt. In those cases, an order of criminal contempt was being sought by the *opposing* party, for failure to comply with a court order.

As the Ninth Circuit emphasized in *Newton,* making criminal contempt a prerequisite to interlocutory appeal serves the policy objective of *curtailing* the number of appeals taken during the course of litigation, because it is assumed that most parties would not voluntarily choose to expose themselves to criminal sanctions for purposes of seeking appeal. Plaintiff's invitation to the court to impose criminal sanctions is an attempt to manipulate the judicial system so as to enhance, not curtail, their access to appellate review. Plaintiff is essentially seeking to buy, for a nominal fee, appellate review that is not otherwise available. The court will not condone such actions.

Despite their assertion that the court's discovery order was erroneous, plaintiff was never relieved of his obligation to comply with that order. Contrary to counsel's characterization of their actions as taken in "a meticulous and highly professional manner, with unremitting vigor, and with unswerving fidelity to vindicating the principles of law that govern discovery ...," their willful defiance of court authority is unsupportable. The appropriate course of action would have been to comply with the order and cite it as reversible error should the court ultimately rule adversely to plaintiff.

THEREFORE, defendants' motion for sanctions is GRANTED in part. Plaintiff's motion for an order of criminal contempt is DENIED.